# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **THURMAN LOCKHART** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-6358** |
| **ORLEANS PARISH SHERIFF'S DEPARTMENT, ET AL.** | **SECTION: "F"(3)** |

## PARTIAL REPORT AND RECOMMENDATION

Plaintiff, Thurman Lockhart, a state prisoner, filed this *pro se* and *in forma pauperis* complaint against the Orleans Parish Criminal Sheriff's Office, Sheriff Marlin Gusman, the City of New Orleans, Cary Grant, Brenda Hatfield, Samuel Gore, "the Medical Department," "the Legal Advisory System," Mark Terral, and other "unknown defendants." In this lawsuit, plaintiff challenges various conditions of his confinement within the Orleans Parish Prison system.

<u>The Orleans Parish Criminal Sheriff's Office</u>

The Orleans Parish Criminal Sheriff's Office has filed a motion to dismiss.[1] Plaintiff subsequently filed a document entitled "Memorandum";[2] out of an abundance of caution, the Court will construe that document as a memorandum in opposition to the motion to dismiss. However, it is clear that the motion to dismiss should be granted because a Louisiana parish sheriff's office is not a legal entity capable of being sued. <u>Cozzo v. Tangipahoa Parish Council–President</u>

---

[1] Rec. Doc. 18.

[2] Rec. Doc. 22.

Government, 279 F.3d 273, 283 (5th Cir. 2002); see also Haywood v. Gusman, Civ. Action No. 06-3517, 2008 WL 516714, at *3 (E.D. La. Feb. 26, 2008); Wetzel v. St. Tammany Parish Jail, 610 F. Supp. 2d 545, 548 (E.D. La. 2009); Smith v. St. Tammany Parish Sheriff's Office, Civ. Action No. 07-3525, 2008 WL 347801, at *2 (E.D. La. Feb. 6, 2008); Causey v. Parish of Tangipahoa, 167 F. Supp. 2d 898, 904 (E.D. La. 2001); Ruggiero v. Litchfield, 700 F. Supp. 863, 865 (M.D. La. 1988).

<u>The Medical Department and the Legal Advisory System</u>

The Court additionally notes that "the Medical Department" and the "the Legal Advisory System" are also improper defendants. Jacobson v. Gusman, Civ. Action No. 09-3695, 2009 WL 2870171, at *2 (E.D. La. Aug. 10, 2009) (Shushan, M.J.), adopted, 2009 WL 2957961 (E.D. La. Aug. 16, 2009) (Lemelle, J.); see also Brewin v. St. Tammany Parish Correctional Center, No. 08-0639, 2009 WL 1491179, at *2 (W.D. La. May 26, 2009) ("[A] 'department' within a prison facility is not a 'person' under § 1983."); Martinez v. Larpenter, Civ. Action No. 05-874, 2005 WL 3549524, at *5 (E.D. La. Nov. 1, 2005); Oladipupo v. Austin, 104 F. Supp. 2d 626, 641-42 (W.D. La. 2000). Accordingly, those claims should be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) as frivolous and for otherwise failing to state a claim on which relief may be granted.

**RECOMMENDATION**

It is therefore **RECOMMENDED** that the motion to dismiss filed by the Orleans Parish Criminal Sheriff's Office be **GRANTED** and that the claims against that defendant be **DISMISSED WITH PREJUDICE**.

It is **FURTHER RECOMMENDED** that plaintiff's claims against "the Medical Department" and the "the Legal Advisory System" be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) as frivolous and for otherwise failing to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[3]

New Orleans, Louisiana, this first day of December, 2009.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.